**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WILLIAM ANTHONY LINVILLE**                                  **PLAINTIFF**

**v.**                                          **Civil No. 1:25-cv-328-HSO-BWR**

**CITY OF BILOXI, MISSISSIPPI, et**
**al.**                                                        **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT PETER**
**C. ABIDE'S MOTION [21] TO DISMISS**</u>

Pro se Plaintiff William Anthony Linville ("Plaintiff" or "Linville") worked as a harbormaster for the City of Biloxi, Mississippi, until he was terminated on July 10, 2025.  *See* Am. Compl. [14] at 1.  He alleges violations of his federal constitutional rights under the First and Fourteenth Amendments to the United States Constitution.  *See id.* at 3-4.  Defendant Peter C. Abide, the City Attorney for Biloxi, Mississippi, seeks dismissal of Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6).  *See* Mot. [21].  Because Plaintiff has not adequately alleged facts plausibly entitling him to relief as against Defendant Peter C. Abide, his Motion [21] should be granted, and Plaintiff's claims against him should be dismissed with prejudice.

## I. <u>BACKGROUND</u>

This case arises from Plaintiff's unsuccessful mayoral campaign and its aftermath.  Linville was employed by the City of Biloxi, Mississippi, as a "part-time" harbormaster until he was terminated on July 10, 2025.  Compl. [1] at 2; *see also*

Am. Compl. [14] at 2.  According to Linville, he was terminated because he campaigned for Mayor of Biloxi in 2025 on a platform that "publicly opposed City leadership and policies."  Am. Compl. [14] at 2, 3.  Linville also asserts that his termination was without notice and that his Fourteenth Amendment due process rights were violated because he was not afforded a civil-service hearing prior to his termination.  *See id.* at 3-4.

Plaintiff's Amended Complaint [14] names as Defendants the City of Biloxi, Mississippi (the "City"), Mayor Andrew Gilich ("Gilich"), and City Attorney Peter C. Abide ("Abide"), in their official and individual capacities.  *See* Compl. [1]; Am. Compl. [14].  The Amended Complaint [14] alleges that after Linville's unsuccessful campaign, which was critical of the City and its leadership, he was terminated by the City.  Am. Compl. [14] at 3.  And Linville claims that Defendant Abide denied his request for a civil-service hearing, depriving him of his due process rights under the Fourteenth Amendment.  *See id.*

Plaintiff advances claims for retaliation in violation of the First Amendment (Count I), deprivation of due process rights in violation of the Fourteenth Amendment (Count II), and municipal liability against the City under 42 U.S.C. § 1983.  *Id.* at 3-4.  Defendant's Motion [21] argues that because Abide is a private attorney and not a "state actor," Plaintiff's claims against him in his individual capacity should be dismissed, and because the claims against Abide in his official capacity are duplicative of those against the City, they are "redundant" and should also be dismissed.  Mem. [22] at 3.

2

## II.  DISCUSSION

A.    Relevant Law

1.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint because it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted); *see also Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).  The Court must accept well-pleaded facts as true and view those facts in the light most favorable to the claimant, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted), but mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555.

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but they "must still plead factual allegations that raise the right to relief above the speculative level," *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).  And "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

2.     First Amendment Retaliation

In order to state a claim for First Amendment retaliation, a public employee must plead: "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Johnson v. Miller*, 126 F.4th 1020, 1029 (5th Cir. 2025); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (stating that a plaintiff must also show that the alleged constitutional deprivation was committed by a person acting under the color of law).

3.     Fourteenth Amendment Procedural Due Process

The only factual allegation against Defendant Abide in the Amended Complaint [14] is that he violated Plaintiff's procedural due process rights by denying him a civil service hearing. *See* Am. Compl. [14] at 2-3. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Assessing an alleged procedural due process violation involves two steps. First, the Court must consider "whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Johnson v. City of Shelby, Miss.*, 642 F. App'x 380, 383 (5th Cir. 2016) ("To have a

valid Fourteenth Amendment claim for deprivation of property in violation of substantive or procedural due process, a plaintiff must have a protected property interest."). Second, and only if there is a protected liberty or property interest, the Court "ask[s] whether the procedures followed by the [defendant] were constitutionally sufficient." *Swarthout*, 562 U.S. at 219.

B.      Plaintiff's Claims Against Defendant Abide in his Individual Capacity

Defendant Abide, the City's attorney, argues that Linville's claim against him should be dismissed because he is not a state actor and thus cannot be found in violation of 42 U.S.C. § 1983. *See* Mem. [22] at 2-3. "A claim under 42 U.S.C. § 1983 has two foundational elements: 'a violation of the Constitution or of federal law, and . . . that the violation was committed by someone acting under color of state law.'" *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (quoting *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (alterations in original)).

Linville's only allegations regarding Defendant Abide specifically are that he is "the City Attorney for Biloxi," Am. Compl. [14] at 2, and that he "denied [Plaintiff's] request [for a post termination hearing], asserting Plaintiff was 'part-time' and therefore ineligible for civil-service protection," *id.* at 3. Even assuming Defendant Abide was a state actor, Plaintiff was not entitled to a civil-service hearing. "An employee can have a property interest in continued employment if it is 'created directly by state statute or by a written contract, or by a mutually explicit understanding enforceable under state law as an implied contract.'"

5

*Johnson*, 642 F. App'x at 383 (quoting *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989)).  "Under Mississippi law, an employee is considered an at-will employee unless an express or implied contract, state law, or local ordinance indicates otherwise."  *Id.* (quoting *Levens v. Campbell*, 733 So. 2d 753, 763 (Miss. 1999)).  Although "[a]n employer who does not explicitly characterize the employment relationship as 'at will' can create a property interest in continued employment if it creates a detailed manual outlining a binding infraction and disciplinary scheme," an "employer's handbook [that] simply lists employee expectations and possible grounds for termination" does not "override the presumption of at-will employment."  *Id.* at 383-84 (citations omitted).

Here, the pertinent local ordinance provides that only full-time employees are entitled to civil-service benefits, *see* Biloxi, MS Code of Ordinances, § 15-1-23(a), and Plaintiff admitted in his Complaint [1] that he was a part-time harbormaster, *see* Compl. [1] at 2.  Although Plaintiff now alleges that he was unaware of his at-will status and that the City created the expectation that he would receive civil-service benefits because the employee handbook contained "progressive discipline and termination procedures," Am. Compl. [14] at 2; Resp. [25] at 4, Plaintiff's allegations are not accompanied by any facts sufficient to overcome the presumption of at-will employment, *see Johnson*, 642 F. App'x at 383-84 (noting that an employee handbook alone does not overcome the presumption of at-will employment).

As for Plaintiff's claim of retaliation against Defendant Abide, it appears to be grounded solely upon Defendant Abide's denial of a civil-service hearing.  *See*

6

Am. Compl. [14] at 3.  Linville claims that "Defendants terminated Plaintiff's employment," that "Plaintiff's protected activity was a motivating factor in the termination decision," and that "Defendants acted under color of state law."  *Id.* But none of these allegations are directed at or relate to Defendant Abide individually and, as explained, Plaintiff was not entitled to a civil-service hearing. Nowhere has Plaintiff asserted facts supporting a retaliation claim against Defendant Abide.  Even for a pro se litigant, Plaintiff's conclusory allegations are insufficient to state a claim of retaliation against Defendant Abide.  *See Taylor*, 296 F.3d at 378; *Iqbal*, 556 U.S. at 679 (noting that the mere "formulaic recitation of the elements" of a cause of action will not suffice).

C.    The Official Capacity Claims Against Defendant Abide are Duplicative

Plaintiff's official capacity claims against Defendant Abide should be dismissed because they are duplicative of his claims against the City.  Although Linville believes he should be allowed to plead in the alternative, *see* Resp. [25] at 3, because the City of Biloxi, Mississippi, is a named party, and because "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted), Plaintiff's claims against Defendant Abide in his official capacity are redundant because they are in fact claims against the City.  Accordingly, they should be dismissed.  *See Quiroz v. Hernandez*, 167 F.4th 254, 266 (5th Cir. 2025) (affirming dismissal of duplicative claims); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (same).

7

D.      Whether Plaintiff Should be Granted Leave to Amend

Plaintiff has already had two bites at the apple; the Court is unwilling to give him a third.  Plaintiff filed an Amended Complaint [14] in response to Defendant Abide's first Motion [12] to Dismiss, and his claims against Defendant Abide cannot survive a Rule 12(b)(6) motion.  Although "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under 12(b)(6) without giving the plaintiff an opportunity to amend," *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (citation omitted), Linville has already amended his pleadings once.  And Linville "gives no indication that he did not plead his best case in these filings; he does not explain what [another] amendment would have contained; and he does not state any issues that [another] amendment would have raised." *Id.*  There is no indication that Linville "might be able to state a claim based on the underlying facts and circumstances" for individual liability under section 1983.  *Hernandez v. W. Texas Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023).  And an amendment regarding Plaintiff's official capacity claims against Defendant Abide would be futile because "it rests on a theory that cannot be cured by repleading." *Reddick v. Capital One Auto Finance*, No. 3:25-cv-485-KHJ-MTP, 2025 WL 4069070, at *3 (S.D. Miss. Oct. 20, 2025).

In sum, Plaintiff's claims against Defendant Abide in his individual capacity should be dismissed because he has not plausibly alleged any facts entitling him to relief, and Linville's claims against Defendant Abide in his official capacity should be dismissed because they are duplicative of his claims against the City.

8

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Peter C. Abide's Motion [21] to Dismiss is **GRANTED**, and Plaintiff William Anthony Linville's claims against Defendant Abide in his individual and official capacities are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Abide is **DISMISSED** as a party to this suit.

**SO ORDERED AND ADJUDGED**, this the 2nd day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE