**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WILLIAM ANTHONY LINVILLE** **PLAINTIFF**

**v.** **Civil No. 1:25-cv-328-HSO-BWR**

**CITY OF BILOXI, MISSISSIPPI, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [46] FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendants Andrew Gilich ("Gilich") and the City of Biloxi, Mississippi (the "City") (collectively, "Defendants"), seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on pro se Plaintiff William Anthony Linville's ("Plaintiff" or "Linville") Fourteenth Amendment due process claim. *See* Mot. [46]. Defendants' Motion [46] should be granted, and Plaintiff's Fourteenth Amendment due process claim should be dismissed with prejudice.

## I. BACKGROUND

Linville was employed as a part-time harbormaster by the City of Biloxi, Mississippi, when he launched an unsuccessful campaign for Mayor of Biloxi. *See* Am. Compl. [14] at 2. He claims that following his campaign loss, the City terminated his employment on July 10, 2025, because he campaigned for mayor on a platform that "publicly opposed City leadership and policies." *Id.* at 3. Linville alleges that his termination was without notice and that his Fourteenth Amendment due process rights were violated because he did not receive a civil-

service hearing prior to his termination. *See id.* at 3-4. He also contends that the City's actions violated the First Amendment. *See id.* at 3.

The operative Amended Complaint [14] advances claims for retaliation in violation of the First Amendment (Count I), deprivation of due process rights in violation of the Fourteenth Amendment (Count II), and municipal liability against the City under 42 U.S.C. § 1983, and names as Defendants the City of Biloxi, Mississippi, Mayor Andrew Gilich, and City Attorney Peter C. Abide ("Abide"), in their official and individual capacities. *See id.* at 1-2. On June 2, 2026, the Court granted Defendant Abide's Motion [21] to Dismiss and dismissed him as a party to this case. *See* Ord. [31]. The City and Gilich argue that because Linville was a part-time employee and part-time employees are not entitled to civil-service hearings, his due process claim should be dismissed. *See* Mot. [46].

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the pleadings have closed. *See* Fed. R. Civ. P. 12(c). "The Rule 12(c) standard for judgment on the pleadings is the same as the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Chaudhary v. Arthur J. Gallagher & Co.*, 832 F. App'x 829, 832 (5th Cir. 2020) (per curiam) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court must accept well-pleaded facts as true and view those facts in the light most favorable to the claimant, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted), but mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555. Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but they "must still plead factual allegations that raise the right to relief above the speculative level," *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

B. Analysis

Defendants first argue that the Court should dismiss Plaintiff's due process claim under the doctrine of res judicata. *See* Mem. [47] at 3. But res judicata requires a final judgment, and this Court has not entered one in this case; rather, it dismissed Defendant Abide because Plaintiff failed to state a claim. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013); Ord. [31] at 6-7. Res judicata does not apply.

Next, Defendants argue that because "Linville himself admits he was a part-time harbormaster," and because "Biloxi City Ordinances [sic] except [sic] part-time employees from civil service protections," Linville is presumptively an at-will employee under Mississippi law. Mem. [47] at 6 (first citing Biloxi City Code, § 15-1-23(a) and then citing *Short v. Columbus Rubber & Gasket Co.*, 535 So. 2d 61, 64 (Miss. 1998)). And because Linville was an at-will employee, he did not have a protected property interest in continued employment. *See id.*

Linville disagrees. He contends that although he was a part-time employee, his due process claim rests on a "narrow[] question," whether the City "through its official representations, employment materials, personnel policies, procedures, and course of dealing, fostered rules or mutually explicit understandings" to support a "legitimate claim of entitled to continued employment." Resp. [52] at 1. Linville believes that the answer is yes, and claims that Defendants' representations created an expectation of continued employment. *See id.* at 3.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Assessing an alleged procedural due process violation involves two steps. First, the Court must consider "whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Johnson v. City of Shelby, Miss.*, 642 F. App'x 380, 383 (5th Cir. 2016) ("To have a valid Fourteenth Amendment claim for

deprivation of property in violation of substantive or procedural due process, a plaintiff must have a protected property interest."). Second, and only if there is a protected liberty or property interest, the Court "ask[s] whether the procedures followed by the [defendant] were constitutionally sufficient." *Swarthout*, 562 U.S. at 219.

The Fifth Circuit has explained that "a property interest is not incidental to public employment, instead it must be created by an independent source such as state law." *Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003) (citation omitted). "An employee can have a property interest in continued employment if it is 'created directly by state statute or by a written contract, or by a mutually explicit understanding enforceable under state law as an implied contract.'" *Johnson*, 642 F. App'x at 383 (quoting *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989)). "Under Mississippi law, an employee is considered an at-will employee unless an express or implied contract, state law, or local ordinance indicates otherwise." *Id.* (quoting *Levens v. Campbell*, 733 So. 2d 753, 763 (Miss. 1999)). Although "[a]n employer who does not explicitly characterize the employment relationship as 'at will' can create a property interest in continued employment if it creates a detailed manual outlining a binding infraction and disciplinary scheme," an "employer's handbook [that] simply lists employee expectations and possible grounds for termination" does not "override the presumption of at-will employment." *Id.* at 383-84 (citations omitted).

The relevant local ordinance states that only full-time employees are entitled to civil-service benefits, *see* Biloxi, MS Code of Ordinances, § 15-1-23(a), and Plaintiff admitted in his Complaint [1] and Response [52] that he was employed on a part-time basis, *see* Compl. [1] at 2; Resp. [52] at 1. Nonetheless, Linville argues that the City's representations led him to believe that he was entitled to civil-service protections. *See* Resp. [52] at 3-4. According to Linville, the City's "official Human Resources webpage" describes "the City's workforce as including both 'full-time and part-time employees'" and represents that it "offers Civil Service protection, excellent benefits, and compensation for its employees." *Id.* at 3. This, he claims, is "evidence relevant to whether the City itself fostered an understanding concerning the protections associated with municipal employment," *id.*, and he contends that the website, along with "employment materials, [the City's] disciplinary structure, and course of dealing collectively communicated substantive limitations upon the City's authority to terminate him," *id.* at 4.

A motion for judgment on the pleadings is governed by the pleadings, not Plaintiffs' new, unverified quotations in his Response [52]. According to the Amended Complaint [14], when Linville was hired, the City provided him with a "civil-service and disciplinary manual establishing progressive discipline and termination procedures." Am. Compl. [14] at 2. Linville also claims that he participated in the Public Employees' Retirement System ("PERS") and that, prior to termination, "the City treated [him] as subject to civil-service-type disciplinary procedures." *Id.* But these conclusory allegations are insufficient.

Plaintiff's pleadings themselves offer insufficient factual allegations to support a belief that the City created an expectation of continued employment. He has merely alleged the existence of a handbook, but he has not provided any facts regarding the handbook's contents or explained how it created an expectation of continued employment. Nor does his conclusory assertion that the "City treated [him] as subject to civil-service-type disciplinary procedure," *id.* at 2, suffice, *see Twombly*, 550 U.S. at 555 (stating that "labels and conclusions" are insufficient). In short, Plaintiff has failed to state a claim for a violation of his due process rights because he has not pleaded sufficient facts to support a plausible claim that the City created an expectation of continued employment. *See Taylor*, 296 F.3d at 378.

III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants the City of Biloxi, Mississippi and Andrew Gilich's Motion [46] for Partial Judgment on the Pleadings is **GRANTED**, and Plaintiff William Anthony Linville's Fourteenth Amendment due process claim against Defendants the City of Biloxi, Mississippi, and Andrew Gilich is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 20th day of August, 2026.

s/ Halil Suleyman Ozerden

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE